IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-528 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| JAMES GOGA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant's Motion to Compel (Doc. 39) the deposition testimony of Assistant District Attorney Jennifer DiGiovanni will be granted.

Ms. DiGiovanni's counsel relies on cases interpreting Pennsylvania's statute regarding the expungement of criminal records. *See* Doc. 41 at 2-5. As one of those cases recognizes, the purpose of expungement is to mitigate the "difficulties and hardships that can result from [a charged person's] having an arrest on file." *See* U.S. v. Rana, 2007 WL 2791421, *2 (E.D. Pa. Sept. 24, 2007) (citation omitted). Given that Plaintiff himself does not assert an expungement objection,[1] the Court doubts that Ms. DiGiovanni has standing to invoke the expungement statute as a basis for declining to answer discovery. Even assuming the contrary, the Court finds that, under the circumstances presented, Plaintiff's assertion of Section 1983 claims based on the criminal charges that were expunged, along with his counsel's statements to the press regarding Plaintiff's claims, warrants a finding of waiver regarding the expungement objection.

---

[1] *See* Doc. 42 at 3 ("Plaintiff [has] never objected [based on] expungement").

Finally, Plaintiff's relevancy objections are overruled as inconsistent with the liberal standards of discovery applicable under the Federal Rules of Civil Procedure,[2] and Defendants' suggestion that Plaintiff's acquisition of expungement constitutes spoliation is rejected.

Consistent with the foregoing, Defendant's Motion to Compel (**Doc. 39**) is **GRANTED**.

IT IS SO ORDERED.


April 18, 2012                                              s\Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] *Compare* Doc. 42 at 3 (arguing that certain questions posed to Ms. DiGiovanni were not relevant) *with* Carnegie Mellon University v. Marvell Tech. Group, Ltd., 2010 WL 4922701, *1 (W.D. Pa. Nov. 29, 2010) ("the Federal Rules allow broad and liberal discovery," and relevancy objection should be sustained "only if it is palpable that the evidence sought can have no possible bearing upon the issues") (citations and internal quotations omitted).